Cheshire, }
June 1, 1915. }

### LOUIS BERNIER *v.* GEORGE I. NUTE.

Whether cautionary instructions to the jury are required for the promotion of justice in a particular case is a question determinable by the trial court.

A presiding justice may properly direct the attention of the jury to any matter disclosed upon the trial which may affect the credibility of the parties or their witnesses; and such instructions do not furnish ground for reversal unless they infringe upon the province of the jury to pass upon the question of credibility, weigh the evidence, and determine the facts in issue.

An instruction to the effect that the jury, in weighing evidence and determining the credibility of witnesses, may consider the natural ties existing between persons of the same race is not objectionable.

TRESPASS to the person. Trial by jury and verdict for the defendant. Transferred from the October term, 1914, of the superior court by *Branch*, J.

The instructions to the jury contained the following: "In deciding whether the plaintiff has sustained his burden, in weighing the evidence you should consider the interest which any of the witnesses who have testified here may have in the outcome of the case, their appearance on the stand, their apparent prejudice or candor; and in that connection it would be proper for you to consider the associations which may have taken place between these various witnesses, their ties of race, or any other." At this point the plaintiff claimed an exception, whereupon the court said: "Not, of course, that you are to disbelieve a person because he speaks French, or is French. You should, of course, believe an honest French witness as quickly as any other, but we all know that foreigners associating together do develop ties." The plaintiff again excepted, and the court resumed as follows: "I do not understand it has been argued

here that you are to disbelieve any witness because he is of French descent, and of course you wouldn't for a minute suppose I was telling you to do anything of the kind." At the close of the charge the plaintiff excepted to all that portion which related to "the question of racial characteristics."

*Doyle & Lucier,* for the plaintiff.

*Guy H. Cutter* and *Charles H. Hersey,* for the defendant.

PLUMMER, J. Whether cautionary instructions of a certain character shall be given necessarily rests very largely in the discretion of the trial court. The presiding judge is in a position to determine if the instructions seem to be required for the promotion of justice. He has an opportunity to observe and hear the parties and their witnesses, and is surrounded by the atmosphere of the trial, and is peculiarly qualified to decide what cautionary instructions are necessary. *Birmingham etc. Co.* v. *Pulver,* 126 Ill. 329; Hughes Instruc. Jur., s. 49.

All that we know about this cause is gained from reading the transferred case, which relates merely to the instructions to which exceptions are taken. We cannot say from our knowledge that the instructions were improper. The conduct and appearance of the parties and their witnesses, their demeanor and manner of testifying, and the testimony given, in reference to which this court is ignorant, but of which the trial court had full knowledge, may have rendered the instructions not only proper, but necessary for the due administration of justice.

The credibility of the witnesses is to be determined by the jury; but it is essential for the court to instruct the jury that in weighing the evidence and passing upon the credibility of the witnesses, they should consider their appearance, their interest or the want of it, their prejudice if any, the reasonableness of their testimony, etc. These are the ordinary instructions, but the character of the case or of the witnesses may be such that special cautionary instructions may be demanded. The attention of the jury may be called to anything disclosed in the trial of the cause that might affect the credibility of the parties or their witnesses. 2 Thomp. Trials (2d ed.), s. 2418; *Foley* v. *Loughran,* 60 N. J. Law 464; *Little* v. *McGuire,* 43 Ia. 447. So long as the court in giving such instructions does not infringe upon the right of the jury to pass upon the credibility

of the witnesses, weigh the evidence, and determine the facts, a verdict will not be disturbed. *Foley* v. *Loughran, supra.*

Even if the giving of cautionary instructions were not very largely in the discretion of the trial court, it would not seem that the verdict in this case could be disturbed in consequence of the instructions given. The transferred case indicates that the plaintiff and his witnesses were French. On account of this, their apparent associations and environment, and perhaps by reason of their conduct and appearance upon the stand, the court gave the instructions to which exceptions are taken.

There is nothing in the instructions that deprives the plaintiff of his right to have the evidence weighed and the credibility of the witnesses determined by the jury. The court simply told them that in weighing the evidence they might consider the associations between the witnesses, their ties of race, or any other. They were not told to disbelieve or discredit the witnesses, or give the evidence less weight on account of their nationality. They were in fact explicitly told that they should not disbelieve a person because he spoke French, or was French, and that they should believe an honest French witness as soon as any other, and that they should not disbelieve a witness because he was of French descent. While the court gave such cautionary instructions to the jury as in his opinion the case demanded, to aid them in weighing the evidence, the jury must have understood from the instructions that they were to ascertain and decide what witnesses were honest and speaking the truth, and that no witness worthy of credit was to be discredited or disbelieved because of his nationality.

The plaintiff excepted because the court said to the jury, "but we all know that foreigners associating together do develop ties." In his brief the plaintiff especially complains of the use of the term "foreigners," and states that there was no evidence that any foreigner testified. There is nothing in the case to show whether all or any of the witnesses were foreigners. Whatever may be the fact as to this, it is not probable, in view of all the instructions given relating to this matter, that the plaintiff was prejudiced either by the use of the word "foreigners" or by the phrase containing it. The statement was evidently made to show the occasion for the instructions, and there is in the remark no intimation that foreigners are prone to perjure themselves for one another, as the plaintiff says. The only suggestion is that they develop ties in associating together. The word was not used in its literal sense, but as meaning

people of the same race. This was the sole purport of the instruc-
tions, and the jury, being presumed to be men of ordinary capacity
(*Cooper* v. *Railway*, 49 N. H. 209, 213), must have so understood it;
for if the witnesses had been merely foreigners, and not of the same
race, the instructions would not have been applicable and there
would have been no reason for giving them. That people of the
same race associating together do develop ties is a matter of com-
mon knowledge. There is nothing wrong or reprehensible about it.
It is normal and natural that men of the same nationality and coun-
try should be bound together by the ties of race. Calling the atten-
tion of the jury to this well known fact was not an intimation that
men would lie and perjure themselves to aid one of their race, but
that the jury might consider it in weighing the evidence, the same
as they might consider any other relation that might exist between
the parties and their witnesses.

*Exceptions overruled.*

All concurred.