Merrimack,
Oct. 6, 1936.

JOSEPHINE McDONALD *v*. BERNICE M. ELKINS.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendant.

MARBLE, J.    Although the findings in Ronald McDonald's action are printed in the bill of exceptions, that case is not before this court except as the findings therein are essential to a clear understanding of the trial court's decision.

Mrs. McDonald's care at the time of the accident is not in question, and the only issues submitted to the jury were the negligence of the defendant and the damage sustained by each plaintiff.

In denying Mrs. McDonald's motion the presiding justice finds it to be more probable than otherwise that his instructions were followed, and affirms that there was evidence from which the jury could have found that, although the defendant was negligent, Mrs. McDonald was not injured.    The order setting aside the verdict in favor of Ronald McDonald is preceded by a finding that the jury, as in the wife's case, obeyed the instructions but were misled thereby, since the court failed to inform them that the husband's right to recover was dependent upon a finding that it was more probable than otherwise that the plaintiff received injuries in the accident.

The defendant was not an experienced driver, and at the trial her counsel declared that there was "no disposition upon her part to say that she ought not to pay a reasonable amount" for the damage she had caused, although her conduct probably didn't constitute "real negligence."    ". . . it certainly wasn't Mrs. McDonald's fault," counsel conceded in his argument to the jury, "and Mrs. Elkins isn't

trying to get out of the consequences, whatever they may be. The real question is what damage she did."

In denying the plaintiff's motion the presiding justice states: "... from the evidence of the Plaintiff and others the jury could have found that the Defendant at the moment of impact was traveling at a very slow rate of speed and struck the left rear wheel of the McDonald car a glancing blow not with sufficient force to move the front end; that Mrs. McDonald who was sitting on the right-hand front seat was not moved from her seat and her arm remained on the window sill where it was at the time of the collision; that she got out of the car while her husband had the rear tire replaced and returned to Concord without making any complaint; that she had had a vaginal trouble a few years before, and that the different complaints she now makes could have resulted from that previous trouble. There were no objective symptoms, and the subjective symptoms as testified to by her might have been found by the jury to have been much in excess of the possibilities under the circumstances, and considering the fact that her previous trouble might account for her subjective symptoms, the jury might in arriving at their verdict have found that she received no injuries from the collision.

"The Jury had been sitting and hearing cases for several weeks; they saw Mrs. McDonald, heard her testimony, and were instructed fully as to what constituted objective and subjective symptoms, and were told that she could recover in case she received injuries from the impact, and after deliberating returned a verdict for the Defendant ... These instructions were explicit and could not have been misunderstood."

More than half of the charge is devoted to a discussion of the plaintiff's alleged injuries. This discussion is accompanied by the following instruction: "It is incumbent upon the plaintiff to satisfy you by a preponderance of the evidence that the injuries she complains of and the pain she claims to suffer not only exist but were caused by the accident of July 24, 1932 .... For the damages she has made it appear a little more probable than otherwise that she did sustain at the time of the collision, she is entitled to fair compensation." With respect to the husband's action the jury were instructed as follows: "The husband in his suit would be entitled to reimbursement for any money expended by him or that may be spent by him to bring about a cure or relief, and such damages as may have been caused to the husband by reason of the loss of consortium or companionship of his wife."

In view of the court's failure to state that the husband's right to recover depended upon a finding that the plaintiff was injured in the accident coupled with counsel's assertion that the defendant was not trying "to get out of the consequences" of her conduct but was willing to pay a reasonable amount for whatever damage she had caused, the jury may well have believed that the husband's expenditures were made in good faith as a "consequence" of the accident and that he should be reimbursed therefor, even though the plaintiff was not injured by the collision.

This was likely to follow from the charge, and "When it is shown that causes calculated to produce a certain result were in operation at a given time, it is a permissible inference that the natural result in fact followed." *Maravas* v. *Assurance Co.*, 82 N. H. 533, 540. Moreover, if a finding that a jury has been actuated by prejudice may be inferred from the jurors' indifference and inattention (*James* v. *Staples*, 87 N. H. 49, 56), certainly a finding of strict compliance with instructions may be predicated upon the jury's experience and length of service. The findings in the present cases are clearly within the province of the trial court.

On the issue of damages the jury were instructed in part as follows: "In many cases there are both what are called objective and subjective indications or symptoms of injury. Objective symptoms are those that can be seen either with the naked eye or by some mechanical process. In such cases the testimony of pain, etc. is to some extent corroborated by what can be seen. Subjective symptoms are those symptoms that cannot be seen or checked up by mechanical methods. They are symptoms where you are wholly dependent upon the party's word. Pain cannot be seen. The causes for pain are many, and while the injuries may be as severe and the pain as acute, still the only method you have to determine the existence of the pains complained of is whether or not the statements made about it are to be depended upon. This does not mean that a person whose symptoms are subjective is to be suspected of being untruthful, but the lack of corroboration calls for an inquiry into the cause of the injury complained of with more care than if the symptoms are objective."

The plaintiff excepted to the last clause of this instruction on the ground that it invaded the province of the jury and established a higher standard than that imposed by law. The exception is unavailing. The court, by the instruction in question, did no more than caution the jury to weigh carefully the testimony of an interested party as to injuries which could not be seen. Whether such caution-

ary instructions were or were not required was a question for the presiding justice to decide. *Bernier* v. *Nute,* 77 N. H. 568. See also *State* v. *Mannion,* 82 N. H. 518, 527.

Since Ronald McDonald's case is not before us for determination, any motion for judgment therein must be addressed to the Superior Court.

The order in Josephine McDonald's action is

*Judgment for the defendant.*

All concurred.