## WELLS v. McKENZIE, ET AL.

(No. 1963; November 24, 1936; 62 Pac. (2d) 305)

For the appellant there was a brief and the cause was argued orally by *C. H. Harkins* of Worland, Wyoming.

For the respondent, there was a brief and the cause was argued orally by *G. W. Bremer* of Worland and *C. A. Zaring* of Basin.

BLUME, Justice.

On August 21, 1931, plaintiff, Ben Wells, an experienced driver, was driving down hill, westerly, on the Greybull-Granite Creek-Shell highway, about seven and a half miles distant from the village of Shell. The highway is a mountain road. Plaintiff drove a Chevrolet car, model 1928, about 5½ feet wide "over-all." He had with him his wife and little daughter. On the north side of the road is a deep canyon, a thousand feet deep. On the south side is a high, rocky bank. At the time in question Mr. Wells, so he testified, was driving round a curve, with the right of his car about three feet from the edge of the canyon. He stated that he had his car in second, and had, sometime previously, applied his emergency brake to some extent, so as to slow up his car, and that he was, at the time in question, traveling at the rate of ten to fifteen miles per hour. About the time when he emerged from the curve, he espied Mrs. McKenzie, the defendant, who was driving up the hill, in a Buick automobile, model 1929, with an "over-all" width of 5½ feet. Mrs. McKenzie had with her, as passengers, Mrs. Bush and the latter's son, about ten years of age. When Mr. Wells saw defendant's car, he was about 70 feet away; he drove about 30 to 40 feet further, then, noticing that he could not pass the other car, he swerved his own car to the left toward the rocky bank, his car climbing it to some extent and then turning over on the right,

and in doing so, injuring the daughter of Mr. Wells, on whose behalf he is prosecuting this action. The road at the point of the accident was twelve feet wide, according to the testimony of Mr. Kay. It was a one-way road, so-called, with meeting points at various places along the road. Mr. Wells stated that defendant did not cause the horn of her car to be sounded, and did not turn to the right of the center of the road after seeing him. The defendant, an experienced driver, driving up hill, as stated, skirted close to the rocky bank, but inside of a small drain running along the bank. She testified that "my car practically touched the bank, that is the high bank or hill, and you couldn't go around it, without moving the door (when opened)." Mrs. Bush stated that defendant could, perhaps, have got two feet closer to the rocky bank by driving into the drain above mentioned. Defendant was driving in second gear, at the rate of about ten miles an hour, and when she saw plaintiff's car, she instantly, so she testified, stopped her own car. Mrs. Bush testified that defendant stopped quickly, and immediately upon seeing the danger of a collision, though not the very instant when the plaintiff's car was seen. Both the defendant and Mrs. Bush testified that the defendant could have done nothing more or better than she did; that defendant sounded the horn of her car before seeing the Chevrolet car; that Mr. Wells was coming down the hill at the rate of 25-30 miles per hour, and that he stated, after the accident, that he himself, and not defendant, was to blame. This statement was denied by plaintiff. Defendant further testified that, had she been driving down the hill, she could have stopped within ten feet.

The case was tried to the court without a jury. After the trial it entered judgment for plaintiff in the sum of $2000. Thereafter the defendant filed a motion for a new trial. Before it was ruled on, a supplemental

motion for a new trial was filed on the ground of newly discovered evidence, tending to show that Mr. Wells admitted that the defendant was not to blame for the accident herein. The court sustained the motion for a new trial, and from that order the plaintiff, appellant here, has appealed.

The granting or refusing of a motion for a new trial rests, ordinarily, in the sound discretion of the court, and a much stronger case for reversal is required where a new trial has been granted by the trial court than when one has been refused. Kowlak v. Tensleep Merc. Co., 41 Wyo. 20, 281 Pac. 1000. Appellant herein, however, claims that the court abused its discretion, as was held to be true in the case just cited. We shall not stop to consider whether the court had the right to grant a new trial because of the motion for newly-discovered evidence, or because it finally, perhaps, concluded that the amount of damages allowed was too large, and consider the case from the standpoint mainly argued herein. Counsel for appellant contends that even if Ben Wells, guardian of his daughter, was negligent, this negligence cannot be imputed to his daughter. We may admit that for the purposes of this case. We are cited to Section 72-204, Rev. St. 1931, which, in so far as it relates to this case reads as follows:

"Whenever any person, traveling with any vehicle or conveyance on any road or public highway in this state, shall meet another vehicle or conveyance traveling in an opposite direction, it shall be the duty of the driver of such vehicle or conveyance to turn promptly to the right of the center of the traveled road and to remain on the right of the center of the traveled road until such vehicle or conveyance has passed."

It is claimed that under this section of the law, defendant was guilty of negligence, or contributory negligence as a matter of law, and that hence the trial

court had no right to grant a new trial. The road was apparently twelve feet wide where the accident occurred so that, if defendant's car was too feet distant from the bank to her right, she was one and one-half feet to the left of the center of the road. Mr. Wells, plaintiff, driving on the road so as to leave three feet on his right, as he testified, was driving two and one-half feet beyond the center and on the side which the defendant had the right to occupy. Had he done what the statute, literally interpreted, seems to require, his right would have been within at least six inches of the dangerous canyon edge. And if the contention of counsel for appellant is correct in this case, we may, in another case, in applying the rule which counsel wants us to apply here, be called on to hold that a driver coming down the hill, as Mr. Wells did, must, at his peril, drive that close to such canyon. That a court would hesitate to so hold, is readily seen. Hence it is exceedingly doubtful that the statute above mentioned was intended to apply to a one-way road, as was the road in the case at bar. Such roads are constructed with meeting places for the special purpose of enabling cars to pass. But even if the statute mentioned could be held to apply, it must be construed reasonably. The law does not ask anyone to do the unreasonable. It requires ordinary care—care which the circumstances demand. A car traveling at the rate of ten miles per hour travels about 14½ feet per second; a car traveling 15 miles per hour travels a distance of 22 feet per second; a car traveling 25 miles an hour travels a distance of 34 feet per second; a car traveling 30 miles per hour travels a distance of 44 feet per second. The cars were about 70 feet apart when the parties saw each other. Hence the court had the right to find, under the testimony, that defendant, to avoid a collision with the Chevrolet car, had from one and three-fourths seconds to a maximum of three and a third

seconds to determine what she was to do. She could do but one of two things safely; either to stop or keep her car going and instantly turn to the right. She stopped, deeming that the safest. We think that the testimony warranted the court in holding, if it did not require it to hold, that she was confronted with a sudden emergency. It is said in 20 R. C. L. 29, cited in the Kowlak case, supra, that "the rule judicially stated is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." If the trial court, accordingly, found, as it had a right to find, that the defendant acted according to her best judgment at the time of the accident, it had the right to grant a new trial.

The order of the trial court is, accordingly, affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.