Hillsborough, ⟩ No. 3023.
April 4, 1939. ⟨

## Ima Worthen *v.* Arthur J. Abbott *& a.*

*Paul J. Doyle* and *John J. O'Reilly, Jr.,* (*Mr. Doyle* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. William J. Starr, Jr.,* orally), for the defendants.

BRANCH, J. The defendants do not seriously deny that the evidence would justify a finding that the construction of the bay windows which permitted water to drip from three sides onto the sidewalk was improper. They rest their entire case upon the proposition that there is no evidence of causal connection between the injury to the plaintiff and the alleged improper construction of the bay windows.

The most interesting argument advanced in support of this position is the following: "If the building had no bays, the water which now falls on the roof of the bays would fall directly down onto the sidewalk area. As the situation is at present, even according to the plaintiff's expert, some part, either one-quarter or one-third of this water, flows back onto the main roof, away from the street. It is therefore impossible for any reasonable man to say that the construction or existence of these bays increases the flow of water or artificially diverts water onto the sidewalk."

The obvious answer to this argument is that when rain or snow came to rest on the roofs of the bays, its natural precipitation from the clouds was ended. Thereafter the course of its further progress towards the ground was wholly determined by the character of the man-made structure upon which it fell. There is therefore no escape from the conclusion that any water which dripped over the edges of the bays was artificially diverted from its natural course. It reached the sidewalk at points where it would not have fallen in the uninterrupted course of nature in quantities which at those points were abnormal. If as a result thereof an artificial accumulation of ice was produced, the defendants, as they apparently concede, would be liable for any harm thereby caused to travelers. *Bixby* v. *Thurber,* 80 N. H. 411; *Palmer* v. *Edgerly,* 87 N. H. 391.

The defendants further contend, however, that "the plaintiff has

failed to show that the particular ice on which she slipped came from their roof." It is true that no witness testified directly that the ice upon which the plaintiff slipped was formed by water coming from the roofs of the bays, but there was testimony that at other times water had been observed dropping from the roof to the steps and running thence onto the sidewalk. The evidence as to weather conditions and variations in temperature immediately prior to the accident justified a conclusion that the formation of ice as the result of such a flow of water was probable. The probability that such a result actually ensued was strengthened by the plaintiff's description of the ice upon which she fell. Under these circumstances, direct testimony as to the source of the water from which the ice was produced was unnecessary. It is good law, as well as sound logic, that when forces or conditions calculated to produce a certain result are shown to have been in operation or in existence at a given time and the expectable result occurs, it is a permissible inference that the result ensued as a consequence of the factors which rendered it antecedently probable. *McDonald* v. *Elkins*, 88 N. H. 249, 252; *Maravas* v. *Insurance Co.*, 82 N. H. 533, 540.

We, therefore, conclude that there was evidence from which it might be found that the plaintiff was injured by an artificial accumulation of ice on the sidewalk, produced, in part at least, as a result of the defendants' negligent failure to provide proper roofs for the bay windows. The case, therefore, was properly submitted to the jury.

*Exceptions overruled.*

All concurred.