Hillsborough,  
Dec. 5, 1939. } No. 3116.

LEO BOULEY, *by his father and next friend,*

*v.*

TILO ROOFING CO., INC.

HENRY J. BOULEY *v.* SAME.

*Thomas J. Leonard* and *John R. Spring* (*Mr. Spring* orally), for the plaintiffs.

*Alvin A. Lucier* (by brief and orally), for the defendant.

MARBLE, J. The plaintiffs' evidence tended to prove the following facts: In September, 1935, Henry J. Bouley and his wife employed the defendant to cover the outer walls of their house in Nashua with composition shingles. These shingles were nailed to laths, which in turn were fastened directly to the clapboards. In order to nail the shingles flat, it was necessary to remove an ornamental molding,

and in the course of this work pieces of the molding, with nails exposed, were thrown to the ground.

Just before noon on the day of the accident, Mrs. Bouley called her children to dinner. They were five in number and were then playing in the yard. The plaintiff Leo, instead of coming directly to his mother when she called, ran to the side of the house where the men were at work and there fell, puncturing his eye on a nail which protruded from a strip of the discarded molding.

The workmen knew that the children were playing about the premises. At the beginning of their work Mrs. Bouley had asked if the children would bother them and their answer had been, "No, they are all right."

Defendant's counsel argues that since it is the "common custom" for contractors to use the owner's premises for "the depositing of materials, old and new, while the work is in progress," the defendant could not be held liable for so doing, or for failing to anticipate and guard against the "likelihood that children might fall upon material" thus deposited.

This contention is without merit. While the fact that a defendant has acted as others engaged in the same business customarily act "is receivable as some evidence" of due care, "it is not to be taken as fixing a legal standard for the conduct required by law" (1 Wig. Ev., (2d ed.), s. 461), and a jury may find from other evidence that the defendant was in fact negligent. In short, the "test of due care is not custom or usage, but what reasonable prudence would require under the circumstances." *Dunagan* v. *Company*, 33 Fed. (2d) 876, 879. See Annotation, 68 A. L. R. 1400.

Negligence may consist in a defendant's failure to anticipate the effect which his conduct may have upon the conduct of others (*Kardasinski* v. *Koford*, 88 N. H. 444), and one of the important circumstances in the present case was the presence of the children on the premises and the workmen's knowledge of that fact. In such a situation a jury might properly find that greater precautions were demanded of the defendant than those which contractors customarily take. See *Ghilain* v. *Couture*, 86 N. H. 117, 120.

So far as the duty of anticipation is concerned, the decisive inquiry is not whether the defendant ought to have anticipated that the accident would happen precisely as it did, but whether the chance that one of the children while playing in the yard might approach the molding and get injured was so great that the ordinary person in the defendant's position would have recognized the danger and

taken measures to guard against it. *Perreault* v. *Company*, 87 N. H. 306, 312; *Tullgren* v. *Company*, 82 N. H. 268, 276. And in this connection the testimony of the defendant's branch manager is significant. He said: "I talked to the mother . . . I said we didn't like to have the children around because there were so many things that could happen."

*Exception overruled.*

All concurred.