## BERARD v. BULLIARD.

### No. 2176.

Court of Appeal of Louisiana. First Circuit.

Jan. 14, 1941.

Benjamin C. King, Porteus R. Burke, and Jacob S. Landry, all of New Iberia, for appellant.

C. Arthur Provost, of New Iberia, for appellee.

LeBLANC, Judge.

There is involved in this suit a demand for damages on the part of the plaintiff against the defendant for the sum of $2,-300 and a reconventional demand by the defendant against the plaintiff in the sum of $250. Both demands grow out of a collision between two large sugar cane trucks which took place on a gravelled highway connecting the towns of St. Martinville and Loreauville, at about 10 o'clock in the morning of November 15, 1939. The plaintiff's demand is made up of three items. One for $1,000 for the damage done to his truck, another for $375 for damage to the air brakes with which the truck was equipped and the last for $925 for loss of profits from being deprived of the use of his truck for a period of twenty-seven days. The defendant's reconventional demand is for $250 for the damage occasioned to his truck. Each truck was being driven at the time by an agent or employee of the respective owner and, admittedly, each said employee was acting within the course and scope of his employment.

The collision took place at a point in the highway where there is a wide, sweeping curve. Plaintiff's truck which was empty was travelling east, that is from St. Martinville in the direction toward Loreauville and the defendant's truck which was heavily loaded with sugar cane was travelling west, or in the opposite direction to plaintiff's.

In his petition plaintiff avers that the collision was caused solely by the negligence of the driver of the defendant's truck in failing to keep a proper lookout, in not keeping his truck on the right-hand side of the road in relation to the direction in which he was going, but instead, driving it across the highway into the path of the truck he was driving and which was approaching from the other direction, and finally, in jumping from his truck which was in motion and letting it collide with the other. As an additional charge of negligence against the defendant it is alleged that his truck was carrying an overload of sugar cane at the time of the accident.

The defendant, in his answer, admits that the collision occurred on the date alleged but denies all the charges of negligence made in plaintiff's petition. Pleading affirmatively he avers that the accident was caused by the negligence of the driver of plaintiff's truck in driving at an excessive rate of speed, occupying the center of the road and then swerving the trailer of his truck well over to his left side of the highway. He avers that the driver of his truck, seeing plaintiff's truck thus approaching, stopped where he was and finding himself confronted with an emergency and in a position of grave danger of being crushed by the trailer, jumped from his truck and immediately thereafter plaintiff's truck crashed head-on into the front of his.

It is to be noted from the pleadings as just stated that the contentions of the respective parties are irreconcilably opposed to each other and that either one or the other of the two operators of the trucks was entirely at fault and to blame for the accident. The district judge held that it was caused by the negligence of the driver of defendant's truck and he accordingly rendered judgment in favor of the plaintiff awarding the sum of $500 for the damage to his truck, including that to the air brakes. There was no proof offered in support of the demand for loss of profits by being deprived of the use of the truck and although plaintiff has filed an answer to this appeal which was taken by the defendant, he has not asked for an amendment to the judgment with respect to that demand. We take it therefore that it is no longer at issue in the case.

We find but little difficulty in reaching the same conclusion as did the district judge that the collision occurred altogether on the south side of the highway, that is on the right-hand side in relation to the direction in which plaintiff's truck was travelling. The preponderance of the tes-

timony is strongly to that effect. The road, while not muddy or slippery, was not exactly dry and the marks left by the wheels of the trucks were clearly visible. Plaintiff who reached the scene shortly after the accident says that he traced the wheel marks of his truck for a distance of three or four hundred feet and that they followed the right-hand side of the road very closely. Several disinterested witnesses traced them anywhere from forty to one hundred feet or more and they all fix the point of collision at about three or four feet from the shoulder on the south side of the highway. This fact is further substantiated by the testimony of the plaintiff who stated that standing with his back against a mail box on the south side of the road which he points out in a photograph taken at the scene of the accident, he could touch his truck with his hand. Moreover, it is shown that the trailer of the defendant's truck which stood out at an angle, extended almost to the center of the road and as a consequence the lane of travel on the south side was entirely blocked and all traffic had to pass on the north side of the road until the trucks had been moved.

■ The highway is shown to be of the standard type of a secondary road with a gravelled roadbed of eighteen feet and shoulders four or five feet wide on either side. The curve in which the accident took place is a long, sweeping one with no apparent difficulty to execute in driving and vision ahead from either side is clear for at least three hundred feet. The driver of plaintiff's truck is not shown to have been travelling at an unreasonable rate of speed and he otherwise seems to have had no trouble in negotiating the curve. The wheel marks left by his truck show positively that he was following his right lane of travel and therefore must have been keeping a proper lookout. The testimony on the other hand points to an entirely different course of conduct on the part of the driver of defendant's truck, who, when he lost control of the wheel and sensed the impending collision, jumped from his driver's seat heedless as to what the result might be. It is urged as an excuse for his conduct that the roadbed on his side of the curve was muddy and slippery and that when he saw the swerving trailer of the plaintiff's truck he was forced to jump in order to save himself. But there is no proof, save his own testimony, that plaintiff's truck was ever in any position to cause him any apprehension and even if his side of the road was slippery, which we don't think has been shown to be a fact, so much the greater was his duty to bring his truck under proper control and to be prudent and careful in meeting the other truck, even to the extent of coming to a complete stop if necessary in order to safely do so. We are firmly convinced of the liability of the defendant and it becomes necessary now for us to review the question of the award as made by the trial judge.

■ In assessing the damages the learned district judge fixed the value of the truck at $450 and that of the air brakes at $125. From the sum of these two he deducted a proven salvage value of $75 and thus reached the net award of $500 which he made. Plaintiff has answered the appeal asking for an increase in the award to the sum of $850 as it is contended that the proof shows a value of $600 for the truck and $250 for the air brakes. Whilst the proof on the question of values does not justify the increase to the amount prayed for we do think that it warrants an award of $100 more than allowed by the district judge. The testimony of the plaintiff and that of his witnesses regarding values is so much more positive and definite than that of defendant's witnesses on this point that we believe it is entitled to more weight and consideration. Taking about the average of the amounts given with respect to the truck we would say that a fair value would be $525 and with respect to the air brakes $150. The total then would be $675 from which, deducting the sum of $75 for salvage, we are left with the net amount of $600 which we conclude plaintiff is entitled to recover.

For the reasons herein stated it is now ordered that the judgment appealed from be amended by increasing the amount of the award from the sum of $500 to the sum of $600 and that as thus amended, it be affirmed.