Carroll,
June 3, 1941. } No. 3257.

FRANK WIGGIN *v.* ELIZABETH C. KINGSTON.

THELMA H. F. WIGGIN *v.* SAME.

CLARA A. WIGGIN *v.* SAME.

MERLE D. WIGGIN *v.* SAME.

*Harvey & McDonald* (*Mr. Harvey* orally), for the plaintiffs.

*Sewall, Varney & Hartnett* (*Mr. Hartnett* orally), for the defendant.

*Per Curiam.* The defendant was driving her car on a straight stretch of highway in Rochester when the car suddenly turned sharply to the left and struck a car traveling in the opposite direction driven by one of the plaintiffs, owned by another and containing property of the others. The defendant testified that the roadway was "very slippery" from wet snow. According to other testimony her speed was from 30 to 35 miles an hour at the time. There was also testimony that she had admitted that the tires of her car were smooth. Other testimony tended to show that while the rear tires were worn "somewhat" the tread was "fairly" gone only on the rear ones. It was further in evidence that her car had skidded on a curve of the highway when it came into view of the plaintiff owner's car.

Assuming that the smooth rear tires of the defendant's car were not a factor in the cause of the skid, yet it is a reasonable, if not enforced, conclusion that the condition of the roadway and the speed of her car united to produce the loss of control. No other explanation has been suggested. Unexplained skidding does not indicate negligence, but when there are conditions within the driver's

control which may be found accountable for it, careless control becomes causal of the loss of control. If it may be found from other evidence than the event that due care would have avoided the skidding, then liability follows without resort to the formula of *res ipsa loquitur*.

Whether the defendant in the exercise of care should have anticipated that the speed at which she was driving on a road made slippery by soft wet snow was unreasonably dangerous, was an issue of fact. The condition of the road and the skid which occurred on the curve furnished warning of the need of special care in driving. The chances that a skid might happen were to be taken into account. If there was some probability of loss of control sufficiently serious to induce persons acting in prudence not to take the chance of such loss (*Tullgren* v. *Company*, 82 N. H. 268, 276, 277; *Chiuchiolo* v. *Company*, 84 N. H. 329, 332; *Musgrave* v. *Company*, 86 N. H. 375, 380; *Perreault* v. *Company*, 87 N. H. 306, 312; *Bouley* v. *Company*, 90 N. H. 402, 403, 404), the defendant was at fault, and the jury as men having common knowledge and practical judgment, if not experience as well, were competent to decide the issue without the aid of technical information.

*Judgments on the verdicts.*