**DR. PEPPER COMPANY, a Corporation, Appellant (Plaintiff below),**

v.

**Edward H. HEIMAN, Appellee (Defendant below).**

**No. 3057.**

Supreme Court of Wyoming.

Aug. 21, 1962.

Alfred M. Pence of Pence & Millett, Laramie, for appellant.

James A. Tilker of Lathrop, Lathrop & Tilker, Cheyenne, for appellee.

Before PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff, driving his automobile up an approximate 12 per cent grade, at between 30 and 35 miles an hour, over a road intermittently covered with snow, ice, and ice underneath slush, lost control of his car, when its rear skidded first clockwise to the center-line-marking of the road, and then spun around counterclockwise several times, coming to rest with the rear of the car off the right shoulder of the road, and the front end upon or near the shoulder, where it was struck by the right front of defendant's car which had been following plaintiff's car at from 250 to 300 feet.

As a result of this accident, plaintiff sued defendant, who counterclaimed, each party seeking to recover damages for injuries he claimed to have suffered.

The case was tried to the court which decided to hear the liability issue first, and if liability was established, then to try the damage issue. At the conclusion of the liability trial, plaintiff's offer to prove his damage was refused. Judgment was rendered in defendant's favor on plaintiff's claim, and in plaintiff's favor on defendant's claim, the court finding each of the parties had been negligent.

From this judgment only the plaintiff has appealed, arguing: (1) The court erred in finding plaintiff negligent; (2) the skidding of plaintiff's vehicle was not the proximate cause of the accident, or one of the proximate causes of the accident; (3) the court erred in not applying the last clear chance doctrine; (4) the court erred in not admitting two of plaintiff's photographic exhibits for purposes of showing marks upon the road; and (5) the court erred in refusing to hear evidence of damages offered by plaintiff.

Defendant testified he was driving at between 30 and 35 miles an hour; that only one car passed his vehicle between Rock River and the scene of the accident, a distance of 3.7 miles; and that the passing car was going "at a pretty good clip", because his wife exclaimed, "My that guy isn't going to live too long." This evidence, coupled with plaintiff's own testimony that he had passed the defendant's car within two miles from the scene of the accident, was sufficient to justify the court's holding it was the plaintiff's car which passed defendant's car, and this was also circumstantial evidence that plaintiff was driving at a greater speed in passing the defendant's car than the 35 miles per hour the plaintiff said he was driving. In 32 C.J.S. Evidence § 1039, pp. 1100, 1101, it is pointed out:

"* * * A well connected train of circumstances is as cogent of the existence of a fact as any array of direct evidence, and may outweigh opposing direct testimony; and the concurrence of well authenticated circumstances has been said to be stronger evidence than positive testimony unconfirmed by circumstances."

The authorities cited thereunder, including Tisthammer v. Union Pac. R. Co., 41 Wyo. 382, 392, 286 P. 377, 380, bear out the statement.

However, the fact that plaintiff may have reduced his speed to between 30 and 35 miles an hour after passing defendant's car must not be overlooked. And while the negligence of defendant is not at issue upon this appeal, still the evidence seems undisputed that defendant was also traveling at a speed of between 30 and 35 miles an hour, following plaintiff's car at a distance of between 250 and 300 feet at the time plaintiff's car went into its spinning. In any event it seems conclusively established that both cars were being driven at speeds of as much as 35 miles an hour when plaintiff's car went out of control, and it was the province of the trier of fact to determine whether, under all the facts and circumstances present at the time, the driving of a car at that speed was negligence. Certainly the trial court was consistent if its conclusion was that driving at a speed of 35 miles per hour was excessive under the existing road conditions, because it found both parties to be negligent, and we may not say such a conclusion was not justified by substantial evidence.

The evidence also showed that while there was a six-foot-oiled shoulder to the traveled portion of the highway, which traveled portion consisted of an oiled mat, the oiled shoulder dropped off sharply or abruptly two inches below the oiled mat at the point where the shoulder joined the traveled surface. In addition there was testimony that plaintiff was driving with his right wheels on the oiled shoulder rather than upon the oiled mat provided for travel use. Whether these facts contributed to plaintiff's loss of control of his vehicle may be considered by some to be mere

speculation, yet it would not seem too unreasonable for the court to permissibly infer that operating a car at speeds of as much as 35 miles per hour under a condition where both the surface of that portion of the highway provided for travel use and the abutting oiled shoulder were intermittently covered with snow, slush and ice, driving the car astraddle of the two-inch sharp break-off from the elevation of the oiled mat and the shoulder of the road, amounted to negligent driving.

■ Appellant, with creditable supporting authority correctly contends that the skidding or spinning of plaintiff's car is not in itself evidence of his negligence, but in stating that rule courts invariably caution that if the skidding results from the negligent acts or omissions of the driver, he is not absolved from the consequences of his acts and the burden is upon him to excuse or justify his acts or omissions. See Billmeyer v. State, for Use of Whiteman, 192 Md. 419, 64 A.2d 755; Bear v. Devore, Mo. App., 176 S.W.2d 862; 177 S.W.2d 674; Butner v. Whitlow, 201 N.C. 749, 161 S.E. 389; Goyette v. Amor, 294 Mass. 355, 2 N.E.2d 219; Halprin v. Mora, 3 Cir., 231 F.2d 197.

Appellant also draws a favorable conclusion from the following partial statement of this court in Hawkins v. L. C. Jones Trucking Co., 68 Wyo. 275, 299, 300, 232 P.2d 1014, 1023:

"Taking the case of the plaintiff in the most favorable view thereof as we are obliged to do we find Mr. Long, the driver of the L. C. Jones Trucking Company's truck, stating in substance that when the jeep was 50 feet in front of him it skidded and was out of control, but not over the center line of the highway; thereupon the driver got it under control for 10, 15 or 20 feet and then it skidded once more and this second time passed across the center line of the highway directly into his traffic lane.

"This description of the accident hardly supplies any evidence that the driver of the jeep, Bechtold, was at fault in skidding into the path of the truck, nor do we find any other evidence in the record from which it could be so inferred. * * *"

However, to properly evaluate that statement, it is necessary to consider it in the light of what follows, which is:

"* * * It is quite apparent too that Bechtold, according to the driver Long's testimony, was endeavoring to avoid a collision of the two vehicles. Long said the Bechtold car skidded and despite that first skid Bechtold was able to keep his vehicle from crossing the center line of the highway and guide it under control once more, but that the second skid a few feet later on threw the Bechtold car into the path of the truck. This would hardly seem to establish *gross* negligence, that 'indifference to present legal duty and * * * utter forgetfulness of legal obligations' which our statute declares must exist before a liability arises, § 60–1201, W.C.S.1945 [now § 31–233, W.S.1957], Altman v. Aronson, [231 Mass. 588, 121 N.E. [505] 506, 4 A.L.R. 1185], supra." (Emphasis supplied.)

Consequently, the court's statement must be considered as only holding that the evidence, including the fact of skidding, did not warrant a finding of *gross* negligence. The decision is not helpful in deciding whether under the conditions present in the case now before us there was *ordinary* negligence, which is the issue in the instant case.

Appellant next quotes at some length the factual situation in Wallis v. Nauman, 61 Wyo. 231, 157 P.2d 285, but fails to immediately draw any conclusion therefrom other than through quotation from De Antonio v. New Haven Dairy Co., 105 Conn. 663, 136 A. 567, and Hunt v. Whitlock's Adm'r., 259 Ky. 286, 82 S.W.2d 364, appearing at 61 Wyo. 242, 243, and 157 P.2d 288. This may be because the court in Wallis v. Nauman upheld the trial court's finding defendant negligent when, in driv-

ing on a road that was very bad, being icy and "awfully slick in spots and spots where the snow had been worn out by cars traveling," he had skidded, blocking the highway, and just before meeting the plaintiff's vehicle had stopped skidding and driven directly into the plaintiff's automobile.

However, appellant lately seems to conclude the decision in the Wallis case was precedent for holding unexplained skidding absolved from any imputation of negligence. But the Wallis case hardly supports such a conclusion or that skidding upon a slushy and icy road was not evidence sufficient to warrant a finding of negligence on the part of the driver of the skidding vehicle.

Although it was said in Butcher **v.** McMichael, Wyo., 370 P.2d 937, 939,

" * * * there is no actionable negligence where, without fault of the driver, a vehicle skids across the center line of a highway and collides with an approaching vehicle * * *",
it was also pointed out

" * * * the burden rests upon the driver of the skidding vehicle to show that he was there without any act of commission or omission which constituted fault on his part. Nelson v. Brames, 10 Cir., 241 F.2d 256, 257; [253 F.2d 381, 382]; Wallis v. Nauman, 61 Wyo. 231, 157 P.2d 285, 288."

The De Antonio case, supra, cited in the Wallis v. Nauman case, supra, in support of its decision, says expressly at 136 A. 570:

" * * * if such skidding results from negligent acts or omissions of the driver, he is not absolved from the consequences of breach of the rule, although it is not deliberate or intentional."

Similarly in the Hunt case, supra, the court clearly states the rule at 82 S.W.2d 366:

" * * * that the skidding itself is not ordinarily evidence of negligence, where it skids across the center line of the road to the left side thereof and collides with another; but the *burden*

is upon the driver on the wrong side of the road to excuse or justify the violation of the law of the road. * * *" (Emphasis supplied.)

So it would seem that the cases relied upon by appellant not only fail to support his contention but, in fact, are to the contrary under the facts in this case.

The other side of this question is well stated in Emery v. Tilo Roofing Co., 89 N.H. 165, 195 A. 409, 410, where the court quoted with approval:

" * * * 'When it is shown that causes calculated to produce a certain result were in operation at a given time, it is a permissible inference that the natural result in fact followed.' McDonald v. Elkins, 88 N.H. 249, 252, 187 A. 725, 727; Maravas v. American Assurance Company, 82 N.H. 533, 540, 136 A. 364. * * *"

So in this case the speed of plaintiff's vehicle under the road conditions made it permissible for the trier of fact to infer that the natural result of skidding and slipping resulted.

And in Worthen v. Abbott, 90 N.H. 164, 5 A.2d 715, 716, it was said:

" * * * It is good law, as well as sound logic, that when forces or conditions calculated to produce a certain result are shown to have been in operation or in existence at a given time and the expectable result occurs, it is a permissible inference that the result ensued as a consequence of the factors which rendered it antecedently probable. * * *"

See also 32 C.J.S. Evidence § 1042, p. 1128.

It taxes credulity to suggest that a road intermittently covered with snow, slush and ice was not a contributing factor when a vehicle skidded and spun around, or to imply that speed was not also a contributing cause when the skidding and spinning actually occurred. This left it reasonable for the trial court to infer that the road's condition and the driving at a speed of as much as 35 miles per hour did induce the

skidding and spinning and, hence, such driving was negligent. This is especially true inasmuch as the plaintiff offered no evidence whatever to explain the cause for his car's going into the spin.

In Turner v. Hartford Fire Ins. Co., 185 Iowa 1363, 172 N.W. 166, 172, the court said:

"* * * Where a cause is present which might produce a condition that has occurred, and there is no other adequate cause proved, the matter is not within the equipoise rule, and it may, under such conditions, be found that the only thing suggested by the evidence which could cause an effect found present did cause it. * * *"

In Wiggin v. Kingston, 91 N.H. 397, 20 A.2d 625, 626, where driver was traveling at speed of from 30 to 35 miles per hour over a roadway which was "very slippery" from wet snow, the driver was held to have been negligent, the court saying:

"Assuming that the smooth rear tires of the defendant's car were not a factor in the cause of the skid, yet it is a reasonable, if not enforced, conclusion that the condition of the roadway and the speed of her car united to produce the loss of control. No other explanation has been suggested. Unexplained skidding does not indicate negligence, but when there are conditions within the driver's control which may be found accountable for it, careless control becomes causal of the loss of control. If it may be found from other evidence than the event that due care would have avoided the skidding, then liability follows without resort to the formula of res ipsa loquitur.

"Whether the defendant in the exercise of care should have anticipated that the speed at which she was driving on a road made slippery by soft wet snow was unreasonably dangerous, was an issue of fact. The condition of the road and the skid which occurred on the curve furnished warning of the need of special care in driving. The chances that a skid might happen were to be taken into account. If there was some probability of loss of control sufficiently serious to induce persons acting in prudence not to take the chance of such loss (Tullgren v. [Amoskeag Mfg. Co.] Nelson-Dowling Coal Company, 82 N.H. 268, 276, 277, 133 A. 4, 46 A.L.R. 380; Chiuchiolo v. New England Wholesale Tailors, 84 N.H. 329, 332, 150 A. 540; Musgrave v. Great Falls Mfg. Company, 86 N.H. 375, 380, 169 A. 583; Perreault v. Allen Oil Company, 87 N.H. 306, 312, 179 A. 365; Bouley v. Tilo Roofing Company, 90 N.H. 402, 403, 404, 10 A.2d 219), the defendant was at fault, and the jury as men having common knowledge and practical judgment, if not experience as well, were competent to decide the issue without the aid of technical information."

And in Berard v. Bulliard, La.App., 199 So. 674, it was said where the road was slippery the duty to keep the vehicle under control was even greater. Also in Doberrentz v. Gregory, 129 Conn. 57, 26 A.2d 475, where defendant was driving at a speed of 35 miles per hour over a road covered with ice and snow and skidded, a finding that defendant was proceeding at an unreasonable rate of speed and that such speed was a proximate cause of the injury was warranted.

In Pierce v. Bean, 57 Wyo. 189, 115 P.2d 660, the trial court, like in the present case, decided an automobile accident was proximately caused by the negligence of both plaintiff and defendant, and rendered judgment against plaintiff on the petition and against defendant on the cross-petition. On appeal this court held plaintiff's driving at a speed of at least 25 miles an hour when the travel surface was ice, the grade descending, the vehicle without chains, the driver unable to stop or slow down, was sufficient to justify the lower court's deciding plaintiff's driving was not reasonable and proper and was negligent. See also Scott v. Elwood, 77 Wyo. 428, 317 P.2d

513. And in Gamet v. Beazley, 62 Wyo. 1, 13, 14, 159 P.2d 916, 919, 920, the Pierce decision was cited with approval after stating a driver "should, in the exercise of reasonable care, have correlated the rate of speed to meet that special situation." We likewise conclude the question of plaintiff's negligence was a question of fact to be determined by correlation of the speed at which plaintiff drove his car with the existing road conditions.

It might also be remembered that § 31–130, W.S.1961 Cum.Supp., provides in part:

"31–130. *Speed limits generally.—* (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. * * *

"(c) The driver of every vehicle shall, consistent with the requirements of paragraph (a), drive at an appropriate reduced speed * * * when special hazard exists * * * by reason of weather or highway conditions."

If plaintiff had exercised the reason and prudence indicated by the hazardous condition of the area being traveled by him, it is doubtful that his car would have skidded in the absence of some extraneous cause, and it was within the prerogative of the court to so find.

■ On the issue of proximate cause, the appellee points out this question is one of fact and not of law, citing Barreth v. Reno Bus Lines, Inc., Nev., 360 P.2d 1037, and it is within the province of the court to determine the credence of testimonies and to decide which is the better conclusion to be rationally drawn from the evidence in order to determine that fact. See Hench v. Robinson, 75 Wyo. 1, 291 P.2d 417; Scott v. Elwood, 77 Wyo. 428, 317 P.2d 513.

The evidence in this case is undisputed that when plaintiff's car made its first spin clockwise toward the center of its own lane of traffic, his vehicle completely blocked that lane and that the opposite lane was being used by an oncoming car. Under these circumstances, the defendant took his foot off the throttle and attempted to pass plaintiff's car to the right by driving onto the shoulder, rather than applying his brakes because of fear that applying his brakes would throw his own car into a skid. When defendant was confronted with the further emergency caused by plaintiff's car starting to spin several times counterclockwise, bringing plaintiff's car back across its lane to the shoulder of the road, defendant turned sharply to the left in the face of that new hazard in a last-moment effort to avoid collision. In Jackson v. W. A. Norris, Inc., 54 Wyo. 403, 421, 93 P.2d 498, 504, the court gave its approval to the sudden emergency doctrine, saying:

"* * * the situation presented was one covered by the rule adopted by this court in Kowlak v. Tensleep Mercantile Co., 41 Wyo. 20, 281 P. 1000, and Wells v. McKenzie, 50 Wyo. 412, 62 P.2d 305, 307, to the effect that: 'One who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence.' "

Under the evidence before it, the trial court in the instant case was entitled to apply this rule of law, leaving the plaintiff's negligence of driving his car at an unreasonable speed under existing road conditions as the sole proximate cause of the accident. However, as it is obvious from what has been said regarding the speed at which defendant drove his car being negligence, that negligence was equally applicable to defendant, as he was driving at the same speed as the plaintiff. Where both were driving at a speed unreasonable under existing conditions, and that factor was deemed by the trier of fact to be the proximate cause of the accident, such negligence on the part of each driver was properly held to be *a* proximate cause of the accident.

If the court chose to believe defendant's testimony respecting the sudden emergency with which he was confronted, it cannot justly be said that it erred in not applying the doctrine of last clear chance, so we must find that contention of the appellant to also be without merit, as the doctrine of last clear chance entails a clear and apparent opportunity to avoid the result. See Charvoz v. Cottrell, 12 Utah 2d 25, 361 P.2d 516; Davies v. Dugan, Wyo., 365 P.2d 198; 38 Am.Jur., Negligence, §§ 218, 219.

The appellant's claim of error in the court's refusing to admit two of plaintiff's photographic exhibits for the purpose of showing marks upon the road is unsound. The pictures were taken 30 days after the accident, and although plaintiff testified he recognized the marks as being at the place of accident, that testimony was merely reiterative of his other testimony as to where the impact occurred. After the lapse of 30 days, the court was entitled, in the proper exercise of its discretion, to conclude the exhibits might not necessarily show that certain marks then upon the road were made as a result of the accident. See 32 C.J.S. Evidence § 716, pp. 625, 626.

The last complaint of appellant that the court improperly refused to hear evidence as to the amount of his damage is entirely without merit. If there was no liability, as the court found, there could, of course, be no recovery, no matter how great or how small the damage plaintiff suffered.

We find no reversible error in the general finding and decision of the trial court, and its judgment will be affirmed.

Affirmed.

BLUME, C. J., not participating.