William Cantril JACK, Appellant
(Defendant below),

v.

William R. BROWNE, Appellee
(Plaintiff below).

No. 3450.

Supreme Court of Wyoming.

Feb. 1, 1966.

David A. Scott, of Murane, Bostwick, McDaniel & Scott, Casper, for appellant.

H. M. Kilpatrick, Casper, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Defendant below appeals from a judgment awarding plaintiff damages for injury sustained by reason of defendant's negligence.

The evidence summarized shows that as plaintiff drove his truck with house trailer at a speed of 35 to 40 miles per hour across a bridge some six feet less in width than the oiled surface of the road on either end of the bridge, appellant, driving his pickup truck at 65 miles per hour, attempted to pass plaintiff's vehicle, and in so doing the pickup truck struck the left rear of the trailer house causing damage to both the trailer house and its contents. As the value of plaintiff's loss was stipulated, appellant's only complaint is that the court erred in finding for plaintiff, because (1) there was no evidence that appellant's failure to sound his horn was the sole proximate cause of the accident, (2) the evidence clearly proves the trailer house crossed the center line in appellant's lane of travel, and (3) appellee failed to determine he could safely cross the center line before so doing.

To sustain his position regarding the movement of the two vehicles immediately before and at the time and point of impact, appellant relies principally upon the opinion identification by a patrolman that certain tire markings on the road were made by the two vehicles involved, and his opinion identification as to which such markings were made by a particular vehicle. This usurped the province of the trier of fact, and, even though not objected to, still left the determination of those facts for decision of the trier of fact. Again appellant misinterprets an opinion expressed by the officer as saying that the impact caused appellant's car to slide "at an angle from its original direction" when the officer merely said that a vehicle sliding would leave broader tire marks. Even though we might agree that the assumption is correct, it nevertheless was the province of the trier of fact to gain that inference. It was not a matter for the opinion of an observer after the fact, irrespective of whether such person was an officer or a layman, unless by foundation the witness was shown to have in fact witnessed the same or similar or comparable kind of impact, and thus possessed a peculiar knowledge not possessed by the trier of fact.

While this facet of the case fades in significance inasmuch as the trial court seemingly attached little if any importance to it, it may be of service to note that no proper foundation was laid showing the special qualification of the witness to express an opinion. The mere fact that a patrolman *investigates* many highway accidents does not of itself qualify him as an expert to determine how accidents he has never seen occurred.

■ Appellant seems to concede, and we think the evidence shows, the appellant did not sound his horn, yet appellant asserts there is no evidence that his failure to sound his horn was the *sole* proximate cause of the accident. Of course, there could be liability if that failure was *a* proximate cause sans contributory negligence of plaintiff. Notwithstanding, as supporting this contention, appellant cites § 31–101(b), W.S.1957. This statute only requires the driver of an overtaken vehicle to give way to the right in favor of the overtaking vehicle *on audible signal.* Appellant's added criticism of appellee's driving speed of 30 to 35 miles per hour (in reality 35 to 40 miles per hour), and the characterizing of appellant's speed of 65 miles per hour as "normal" traffic speed, is not only without merit but is completely unsound. Thirty-five or forty miles an hour, the speed which is shown by the evidence, is not such an excessively slow speed as to unduly impede the flow of traffic, especially when the nature of the vehicle and its load does not reasonably admit of higher speeds. This is true whether the vehicle be a truck-trailer-house combination or an excessively heavy vehicle which is lawfully permitted on our highways. We have already decided that a speed of 20 miles per hour is not negligent as a matter of law. Dallason v. Buckmeier, 74 Wyo. 125, 133, 284 P.2d 386, 389. Neither can it be said that 65 miles per hour is the normal traffic flow. On our two-lane highways, 65 miles per hour is the maximum speed deemed prima facie reasonable. That does not imply that all motor-vehicle travel shall or normally does proceed at that maximum speed or that driving at a less speed must be considered as driving improperly.

■ We have carefully examined both the transcript of testimony, the freehand sketch purporting to show the accident scene, and the photographs taken after the accident. The testimony relative to what are said to be skid marks appearing on the exhibits is so unclear as to be almost meaningless. There seems, however, to be no question but that the appellee had complete control of his vehicles, and even appellant admits that is so. There was a high wind blowing at the rate of as much

as 54 miles per hour; the appellee's trailer was 8 feet wide by 24 feet long, a rather large box-like affair; it came onto the portion of the roadway which narrowed some six feet at the bridge while it was to the right of the center line; and while still upon the far end of the bridge the trailer was struck by appellant's automobile which at the time seems to have admittedly been skidding. We find no "clear" evidence that the trailer crossed into appellee's passing lane prior to the collision. Even had this been the case, Dallason ·v. Buckmeier, supra, indicates he might have lawfully done so without being negligent if he had a clear view and had no warning of a vehicle approaching from behind.

There is no evidence that appellee failed to determine he could cross the center line with safety nor was such a determination necessarily relevant inasmuch as the trier of fact could have found under the evidence that the appellee did not cross that line before his trailer was struck.

The finding and judgment of the district court is justified and supported by the evidence, and we find no error adverse to appellant. The judgment is affirmed.

Affirmed.

Mr. Chief Justice PARKER and Mr. Justice McINTYRE, concurring.

Without considering the admissibility of the patrolman's testimony, which matter is not before us since no objection was interposed to that evidence, and without disregarding the statements and views of that witness, including his explanation that at the point of impact defendant's right tire left a mark on the highway approximately two feet, six inches, north of the center line, we concur in the result reached by Mr. Justice Harnsberger.

The wind in the area of the accident at about the time of the impact was blowing from 41 to 54 miles per hour. After the accident, Browne told the patrolman that he guessed "the wind pushed me over." When the patrolman asked Jack what caused the accident he told the patrolman that the "trailer house had veered over on the bridge." At the trial, Jack testified that he did not recall whether the truck and trailer were over the center line at the time he started to pass; that to the best of his recollection he stayed on the north lane of traffic; and did not remember much about the collision except he "just went to pass * * * [Browne] just went over the bridge and the wind, as far as I know, hit it and threw it over in front of me."

The trial court was warranted in finding the driver of the overtaking vehicle, who admittedly had defective eyesight, guilty of negligence in passing, without warning, a truck and cumbersome trailer on a bridge in a high wind at the maximum speed allowable on a two-lane highway. Even accepting defendant's counterclaim as an affirmative defense of contributory negligence, the trial judge was nevertheless justified in finding that there was a failure of proof that plaintiff violated either a statute or rule of the road and that such violation was a proximate cause of the accident.

Mr. Justice GRAY, dissenting.

While I am in accord with the statement contained in the concurring opinion that the admissibility of the patrolman's testimony is not before us, I am unable to join in the result reached by the majority. My analysis of the evidence in this case and the law applicable thereto convinces me that it was the plaintiff who failed in his burden of proof and not the defendant.

The fact that a bridge was involved in this accident is of little importance. The traveled portion of the bridge was of the same width as the traveled portion of the highway, which were both divided by a center stripe into an eastbound lane of travel 14 feet in width and a westbound lane of travel 14 feet in width. There is no evidence that the bridge was marked or identified as a "no passing" zone. Despite the high wind prevailing, plaintiff's own testimony was to the effect that he was having no difficulty keeping the trailer

house under control, at least prior to crossing the bridge, and inasmuch as the provisions of § 31–107(a), W.S.1957, required plaintiff to keep the trailer house, which was 8 feet in width, "as nearly as practicable entirely within" the 14-foot eastbound lane, it must be assumed that plaintiff was doing so. It was also the duty of plaintiff, under the same section, to remain there unless he "first ascertained that" he could move into the westbound lane "with safety." Conversely the defendant was entitled to assume that plaintiff would stay where he was and, absent traffic approaching from the east, which was the case, the defendant had a perfect right to utilize the westbound lane for the purpose of passing plaintiff's slowly moving vehicles, which included an automobile driven by his wife in the same direction some forty feet in the rear of the trailer house. There is no evidence to show defendant was forewarned of plaintiff's intention to leave his lane of travel at the time defendant started his passing maneuver or that defendant could not safely complete his passing. Under those circumstances there was no duty on defendant to sound his horn. Section 31–204(a), W.S.1957. Important here also is plaintiff's testimony that he did not look in his rearview mirror to see if anyone was approaching him from the rear.

Other evidence offered by plaintiff which was not controverted, as I view it, established that defendant remained in his passing lane up to the time of impact with the trailer house. Thus the evidence is clear that plaintiff's trailer house immediately prior to the impact and without warning invaded the defendant's lane of travel. This was evidence of plaintiff's own negligence and the burden was on plaintiff to excuse it. Dr. Pepper Company v. Heiman, Wyo., 374 P.2d 206, 208. That burden was never met. Inasmuch as such evidence was presented by plaintiff in making out his case in chief, it must be held that plaintiff failed to make out a prima facie case as a matter of law. Wyoming Wool Marketing Association v. Urruty, Wyo., 394 P.2d 905, 909.

I would reverse the judgment.