## PIERCE v. BEAN

(No. 2161; July 29, 1941; 115 Pac. (2d) 660)

190

For the appellant the cause was submitted on the briefs of *Tom H. Barratt* of Laramie.

For the respondent the cause was submitted on the brief of *G. R. McConnell* of Laramie.

KIMBALL, Justice.

Plaintiff's Ford truck and defendant's Buick coupe were damaged by collision of the two vehicles November 6, 1938, on the Lincoln highway about 3 miles north of Rock River in Albany county. Plaintiff, in his petition, alleged that the collision was caused by negligence of defendant, and defendant in a cross-petition alleged that it was caused by negligence of plaintiff.

After a trial without a jury, the judge decided that "the accident in question was proximately caused by the negligence of both plaintiff and defendant," and rendered judgment against plaintiff on the petition and against defendant on the cross-petition. The plaintiff appeals, and contends that the decision that he was negligent is not sustained by sufficient evidence.

Statutes in effect at the time of the accident contained these provisions:

"No person shall operate a motor vehicle on any public highway outside of a city or town at a speed greater than is reasonable and proper having due regard for other traffic and the intended use and condition of the road, * * *. Every person shall at all times have the motor vehicle operated by him under absolute control. Upon approaching an intersection of highways, * * * or a steep descent, or another vehicle * * *, the person operating the motor vehicle shall * * * reduce the speed of such motor vehicle to a reasonable rate, and shall not exceed such speed until entirely past such intersection, * * * descent [or other] vehicle * * *." R. S. 1931, § 72-203. "The driver of any vehicle, upon approaching any intersection of public highway, shall be required to protect and give right of way to all vehicles on his right." R. S. 1931, § 72-204.

At the place where the collision occurred, the Lincoln highway, running north and south, makes junction at right angles with a side road running east from the highway to a ranch house. Plaintiff, driving his truck, was on his way from Parco, Wyoming, to Denver, Colorado, and as he approached the junction was traveling south on the highway. Defendant, driving his coupe, was returning to the highway after a visit to the ranch house, and was traveling west on the side road. Twenty feet east of the oiled part of the highway, the side road runs through a gate in a fence. Defendant testified that he stopped 6 or 7 feet east of the gate, opened

the gate, returned to his car, looked up and down the highway, saw no approaching cars, and then in low gear at a speed of 5 miles an hour drove on to the highway intending to stop for the purpose of closing the gate, after he had turned left so as to face south on the west side of the highway. Before he had completed the intended turn, the right front wheel and fender of the coupe came in contact with some part of the truck as plaintiff, approaching from the north and unable to stop, tried to pass on the right side of the coupe. By the impact the coupe was forced and turned to the left until it came to rest with its front wheels over the east shoulder of the road. The truck went off the road on the west side and upset in the barrow pit.

Much of plaintiff's brief is taken up by discussion of defendant's negligence, though the finding on that point was against defendant who does not appeal. Defendant admitted that after he started to drive through the gate to the highway (a distance of about 27 feet) he did not again look along the highway for other vehicles that might be approaching the junction. From the fact that he was negligent in failing to see the plaintiff's truck, it does not follow that the trial judge was not justified in finding that plaintiff also was negligent in failing to operate his truck at a speed that was "reasonable and proper having due regard for other traffic and the intended use and condition of the road." Sec. 72-203, supra. And plaintiff's failure to drive with due care would not be excused on the ground that he had the right of way under the quoted provision of section 72-204, supra. In Garner v. Brown, 31 Wyo. 77, 81-82, 223 Pac. 217, 218, we referred to this provision of the statute, and said, among other things, that "though one is given the right of way by the law aforesaid, it remains his duty to exercise reasonable care to avoid collisions with other vehicles." See, also, Christensen v. McCann, 41 Wyo. 101, 107-108, 282 Pac.

1061, 1063; Ries v. Cheyenne Cab & Transfer Co., 53
Wyo. 104, 117, 79 P. (2d) 468, 472-473.

The accident occurred about noon on a clear, cold,
windy day. The Lincoln highway, which is oil-surfaced
for the width of 21 feet, was at the time covered with
a sheet of ice and, as stated by plaintiff and other
witnesses, was "slippery and very dangerous." A State
Highway Patrolman testified, without objection, that
a speed greater than twenty miles an hour was not
safe. From a point about 250 feet north of the junc-
tion, the highway toward the junction ran down a hill
of seven per cent grade. Plaintiff's truck with its load
weighed 8000 pounds, and there were no chains on the
wheels. Plaintiff testified that when he was about
1000 feet from the junction he saw the coupe on the
side road, and when about 150 feet from the junction
saw that the coupe was being driven on to the highway.
He testified also that when he saw the coupe enter the
highway at the junction, "the only thing I could do was
to take the right of the road and try to avoid a crash.
* * * There was no opportunity to stop in that distance
whatsoever under the conditions of the road * * *. If
I had applied the brakes, I would have skidded straight
ahead into the man * * *. It would have been a matter
of impossibility for me to have controlled the front
wheels of my truck in any direction." Estimates of the
speed at which plaintiff was driving differed. Plaintiff
himself testified first that his speed was "approximately
twenty miles an hour." Later he said it was "between
twenty and thirty miles an hour," and still later that it
at no time was over twenty-five miles an hour, "for
the simple reason that it was impossible." A witness
who was driving another truck in sight of and follow-
ing plaintiff, testified that plaintiff was driving at the
rate of 25 miles an hour. It is not necessary to refer
to other evidence on this point. We think the trial
judge may reasonably have believed that plaintiff was

196

traveling at a speed of at least twenty-five miles an hour. The travel surface was ice, the grade descending, the vehicle without chains, the driver unable to stop or slow down when he saw the coupe at the junction ahead. We hold that the trial judge was justified in deciding that a proximate cause of the collision was plaintiff's negligence in driving at a speed that was not reasonable and proper under the conditions.

The judgment will be affirmed.

RINER, Ch. J., and BLUME, J., concur.