**BERRY REFINING COMPANY, a Corporation, and Roy Rowland, Appellants (Defendants below),**

**Butane Power & Equipment Company, a Corporation, and Marion A. Wales (Defendants below),**

v.

**Shirley PINSKY, Appellee (Plaintiff below).**

**BUTANE POWER & EQUIPMENT COMPANY, a Corporation, and Marion A. Wales, Appellants (Defendants below),**

**Berry Refining Company, a Corporation, and Roy Rowland (Defendants below).**

v.

**Shirley PINSKY, Appellee (Plaintiff below).**

**Shirley PINSKY, Appellant (Plaintiff below),**

v.

**BUTANE POWER & EQUIPMENT COMPANY, a Corporation, and Marion A. Wales, Appellees (Defendants below),**

**Berry Refining Company, a Corporation, and Roy Rowland (Defendants below).**

**Nos. 3637, 3640, 3642.**

Supreme Court of Wyoming.

July 17, 1968.

Edward E. Murnane of Murane, Bostwick, McDaniel & Scott, Casper, for appellants, Berry Refining Co. and Roy Rowland.

Ernest J. Goppert of Goppert & Fitzstephens, Cody, H. F. Joffe of Scott & Joffe, Worland, Heller & Morris, Chicago, for Shirley Pinsky.

Houston G. Williams of Wehrli & Williams, Casper, for appellants, Butane Power & Equipment Co. and Marion A. Wales.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

PER CURIAM.

This litigation culminating in three appeals, Nos. 3637, 3640, and 3642, to be discussed herein consecutively, arose out of an automobile-truck accident occurring on August 7, 1959, about 8:30 p.m. on state secondary (Thermopolis to Cody) highway 120, approximately twenty miles north of Thermopolis. In the area of the accident, the road runs generally north and south. Plaintiff was a passenger in the 1959 Rambler automobile owned by her father, Dr. Pasternak. Several days earlier he had had a flat and the tire had not been repaired. Late on the afternoon of August 7 when the left-front tire of the Rambler went down the car was stopped in the center of the southbound lane on the west-traveled portion of the 24-foot-wide, two-lane, oiled highway, and the left-front wheel was jacked up and left standing on the jack. Where the Rambler was stopped there was a solid line going up the hill to the south indicating no passing for traffic going southerly uphill toward Thermopolis. The borrow pit on each side of the road was approximately five and one-half feet deep, the width of the shoulder approximately four feet on each side. Dr. Pasternak was driven to Thermopolis by a passing motorist to take the tire for repairs, and his 28-year-old daughter remained in the car during his absence.

The Rambler's lights were either turned on before the doctor left or later by his daughter, who at dusk placed a battery-powered lantern on the shoulder of the road ten to fifteen feet from the car with the beam shining a little above its trunk. (After the accident, a highway patrolman following Dr. Pasternak into Thermopolis observed that the right-rear taillight, not broken by the collision as was the left, was quite dirty, and testified that in pulling up behind the Rambler with his headlights on the car it was hard to determine that the taillight was on.) Sometime after dark the doctor returned to the car in a Berry Refining Company truck, driven by Roy Rowland. Shortly after the Berry company truck stopped and let the doctor out, a truck owned by Butane Power & Equipment Company, driven by Marion A. Wales and traveling in a southerly direction toward Thermopolis on the west portion of the highway, ran into the rear of the Rambler, injuring plaintiff, who on October 25, 1962, filed suit for $250,000 against the Butane company, the driver Wales, the Berry company, and the driver Rowland, service being made on the first three but not on Rowland. Following the trial of the case by jury in November 1964, verdict was rendered in favor of the Butane company, Wales, and the Berry company,

and plaintiff filed a motion for new trial, which was granted. Thereafter, service was made on Rowland, and on a change of venue the case was again tried to a jury, which rendered a verdict against the Berry company and Rowland in the sum of $50,000 but found in favor of the Butane company and Wales, judgment being thereafter entered in accordance with the verdict for the amount of $40,500 (plaintiff having theretofore received from her father the sum of $9,500 for a covenant not to sue him on any claim arising out of the accident). Subsequently plaintiff moved for a new trial of the matters at issue between her and the Butane company and Wales, but the motion was denied.

The Berry company and its driver Rowland in Case No. 3637 appeal from the final verdict and judgment entered against them and also claim error in the granting of the second trial. In Case No. 3640 the Butane company and its driver Wales challenge the propriety of the order granting the new trial. Plaintiff Pinsky in Case No. 3642 appeals from the order entered after the second trial denying her motion for a new trial of the matters at issue between her and the Butane company and Wales and from the portion of the judgment in favor of that company and its driver.

Berry Company and Rowland Appeal
Case No. 3637

The judgment is affirmed by an equally divided court.

Butane Company and Wales Appeal
Case No. 3640

The judgment is affirmed by an equally divided court.

Pinsky Appeal
Case No. 3642

———◆———

In her appeal from the verdict and judgment in favor of defendants Butane and Wales, plaintiff first contends Wales' evidence proved that the negligence of the two contributed to the causing of the accident and the resulting injury to plaintiff. In so doing she details facets of the testimony, which according to her reasoning substantiate this position. Without adverting to the various aspects which she thus

emphasizes, we conclude that her persuasive arguments relate to factual matters which might with good effect have been pressed before the jury to influence their interpretation of the facts, but they fail to show any error in law for which this court could grant relief. It is axiomatic in this jurisdiction that the evidence most favorable to the prevailing party must be considered, that every favorable inference be given to it, and that if it is sufficient the determination of the trier of fact will not be disturbed. We find no evidence from which we could say as a matter of law that Wales, the driver of the Butane truck, was negligent. Plaintiff makes a very considerable effort to bring the instant controversy within the rules of some previous Wyoming cases to the general effect that the driver whose vision is obscured or who has no control of his vehicle must immediately stop or reduce the speed of his vehicle so as to have it under control until the visibility is restored or the condition removed. We see no applicability in the cases she cites, Price v. State Highway Commission, 62 Wyo. 385, 167 P.2d 309, where a snowplow obscured a snow removal truck with which a motorist collided; Gamet v. Beazley, 62 Wyo. 1, 159 P.2d 916, where there was a heavy fog at night; or Pierce v. Bean, 57 Wyo. 189, 115 P.2d 660, where the road was very icy.

Plaintiff's argument that she was not contributorily negligent and assumed no risks can for the purposes of this discussion be adopted since the jury which resolved the conflict between her and defendants Butane and Wales was the same one which found the driver of the other truck involved to have been negligent and rendered a verdict against him and his employer. The various extravagant arguments of plaintiff on this point are misplaced and cannot be approved here when they relate only to an interpretation of the facts.

An additional contention of error urged by plaintiff is that the trial jury acted in total disregard of Butane and Wales' evidence against themselves when it found in favor of her and against Rowland and the Berry company and simultaneously found against her and in favor of Wales and Butane, thereby showing their confusion or improper motivation. She points out her exceptions to Instruction 3, which purported to outline plaintiff's claims and the respective defendants' denials and defenses, to Instruction 4, which defined the issues in the case, and Instruction 8, which discussed the assumption of risk and stated that the burden of proving this as a defense was upon the defendants. She says that the jury was by these instructions, which contained repetitions unfavorable to her, overly impressed with the continuing suggestion that she might have assumed some risk by remaining in the car until it was struck by the Butane truck, which behavior would bar her recovery.

We have carefully reviewed these instructions as well as two instructions which plaintiff says might have ameliorated the situation as far as she was concerned but do not find the court to have committed any error in its rulings regarding them. Neither do we consider that the reasons advanced as error in this aspect of the case warrant the quoting of either those given or rejected. The criticisms directed against the instructions do not stem from any categorical condemnation of the given instructions per se or the propriety of those refused, but rather argue each in the light of what the evidence showed, and it is our view that the jury was fairly and sufficiently advised of the matters which they should consider in resolving the controversy.

The judgment of the trial court is affirmed.