Municipal Court of Nashua, June 4, 1940.  } No. 3175.

ROBERT HOOD *v.* NASHUA.

*Albert Terrien,* by brief, for the plaintiff.

*Edward J. Lampron,* City Solicitor, by brief, for the defendant.

ALLEN, C. J.   One position the defendant takes is that the evidence warranted no conclusion that the water entering the plaintiff's cellar came from the culvert.   It is admitted that the cellar is flooded only at times when water runs through the culvert in quantity. There was evidence that the land north of the plaintiff's and on which the water from the culvert emptied had "a very hard subsoil about two feet from the surface" and that the plaintiff's cellar floor was at a level which permitted the flow of water into it from the topsoil. The distance from the outlet of the culvert to the cellar was not over five rods.   Evidence that the water came from other sources, if it might be accepted, did not require acceptance.   The opinion evidence to the effect that the concentration of surface water by the culvert resulted in its seepage into the cellar was received without objection. Thus evidence amply sufficed for the inference that the maintenance of the culvert was the cause of the entrance of water into the cellar.

The conclusion of negligent maintenance of the culvert was proper.

Standards of custom and practice, while evidence of due care, are not its test. *Bouley* v. *Company*, 90 N. H. 402. The opinion testimony that the maintenance was proper, therefore had only such weight on the issue of negligence as the court's consideration found it should have. In general, when a witness may be permitted to state his views of care or fault, the trier may disregard them and draw his own conclusion based upon all the relevant evidence, although he may not have the benefit of special learning and knowledge helpful in reaching a correct verdict. *Vallee* v. *Company*, 89 N. H. 285, 289, 290.

The complaint here is not in the character of the structure maintained by the city, but of the use made of it. The outflow of water from the culvert upon a field might be reasonable while the field remains open, but become unreasonable if the field is developed as a site for buildings. In the exercise of the right to concentrate surface water, the right to pour it off on one spot may be altered into a duty of different disposal. Rightful conduct, even of passive inaction, may become wrongful when surrounding conditions change. It follows that the manner of use of the culvert by the city, however reasonable while water from it was flowed only upon open land, might become unreasonable when the result was that the water entered buildings erected subsequently to the installation of the culvert.

It is argued that because others in the vicinity suffer from surface water, the plaintiff has incurred no damage for which he may specially bring action. The damage to others is not caused by the culvert, and even if it were, the maintenance of the culvert is a private, and not a public, nuisance. It is not the general public, who are affected but only such individuals whose property is specially located and are thus damaged.

The defendant, on the authority of *Woodman* v. *Tufts*, 9 N. H. 88, and *Snow* v. *Cowles*, 22 N. H. 296, argues that notice to the defendant of the plaintiff's claim was necessary before action on it might properly be brought. Two members of the defendant's Board of Public Works, its Engineer and Mayor all had notice. If this was not technically sufficient, it is thought that the authority of the cases cited should be limited in an application to suits where abatement of the nuisance is sought. Here, the action is for damages caused by the nuisance, and no adequate reason is presented why a notice of the claim should be furnished in advance of the notice given by the action.

The evidence supported the implied finding that the plaintiff was free from fault. When he bought the property, he had no notice of its exposure to damage from the culvert, and he findably exercised due care although making no investigation beyond inquiry from the owner's agent, whose reply might be regarded as sufficient reason for not pursuing the inquiry. His later efforts to have his cellar waterproofed might be found reasonably prudent although they proved inadequate. And any negligence in the erection of the house would not be chargeable to a purchaser exercising due inquiry and investigation when buying it.

The release given by the owner when the road was laid out included damages arising from its proper construction and maintenance, but not from negligent or unreasonable construction and maintenance. *Gilman* v. *Concord*, 89 N. H. 182, and cases cited.

The record here is too incomplete to pass upon the issue of excessive damages. The award was of a gross amount with no findings of the allowance for particular items. Apparently the plaintiff filed specifications reduced to an amount required to give the court jurisdiction of the action. While the plaintiff did not testify to the amount of items whose aggregate reached the amount of the award, there may have been other items claimed and taken into account, such as loss of rentals which might be found from the evidence. It does not appear whether or not the verdict included as damages the full cost of a new heater installed to take the place of one which had been in use for a number of years and the service life of which was shortened by the water of the culvert which entered the cellar.

*Exceptions overruled.*

All concurred.