J-S40028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CURTIS L. SELF, SR. | |
| Appellant | No. 3091 EDA 2015 |

Appeal from the PCRA Order September 15, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003439-2007
CP-15-CR-0004336-2007
CP-15-CR-0004337-2007
CP-15-CR-0004338-2007
CP-15-CR-0004339-2007

BEFORE:  BOWES, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED SEPTEMBER 07, 2016**

Appellant, Curtis L. Self, Sr., files this counseled appeal from the September 15, 2015, order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, for lack of jurisdiction.  We affirm.

The PCRA court summarized the pertinent factual and procedural history of this case as follows:

> On January 5, 2009, Defendant pled guilty to 5 counts of Possession with Intent to deliver Cocaine, 35 P.S. § 780 - 113-A-30 on Criminal Information Numbers CP-15-CR-0003439-2007, CP-15-CR-0004336-2007, CP-15-CR-0004337-2007; CP-15-CR-0004338-2007, and CP-15-CR-0004339-2007. Given the amount of cocaine sold by Defendant in these transactions, and the fact that each

sale was a subsequent drug delivery, the Commonwealth invoked the mandatory minimum of 5 years imprisonment on dockets 4336-07, 4337-07, 4338-07 and 4339-07. The 2 year mandatory on 4339-07 for the drug sale within a school zone was waived, and a 7 year mandatory minimum was invoked on 3439-07 based on the weight of the drugs exceeding 100 grams. The court imposed an aggregate sentence of 17 to 34 years imprisonment.

\*\*\*

On January 28, 2010, the Superior Court affirmed the judgment of sentence and denied Defendant's motion for remand for resentencing. **Commonwealth v. Curtis Self**, 616 EDA 2009. Defendant did not file a Petition for Allowance of Appeal. Therefore, Defendant's judgment of sentence became final on February 28, 2010, 30 days after the time period for seeking allocatur expired. **See** Pa.R.A.P. 1113(a); **See also**, **Commonwealth v. Brown**, 943 A.2d 264 (Pa., 2008). Although Defendant timely filed his first PCRA petition on January 6, 2011, the trial court dismissed the petition on September 30, 2011. On appeal the Superior Court affirmed the dismissal of Defendant's first PCRA petition. **Commonwealth v. Curtis Self**, 2868 EDA 2011 [Nov. 15, 2012; **alloc. denied** May 7, 2013]. Defendant's second PCRA petition was filed on July 5, 2013, three years and four months after his judgment of sentence became final.

PCRA Court Order, 9/15/15, at 2-4 n.1.

Appellant's second PCRA petition asserts ineffective assistance of his direct appeal counsel. Appellant states that subsequent to his sentencing in 2009, he cooperated with the Chester County District Attorney's Office in the successful prosecution of Shamone Woods, who attempted to kill Appellant in 2006. Appellant believed that the prosecutor in the matter informed him and his direct appeal counsel that, in exchange, he would receive a new sentencing hearing and a reduction in sentence, neither of which ultimately

happened. Appellant argues that direct appeal counsel failed to pursue new sentencing and/or sentence reduction on his behalf and that this constitutes ineffective assistance of counsel. Second PCRA Petition, 7/5/13, at 2.

After several intermittent filings, the PCRA court issued a Rule 907(1) Notice of Intent to Dismiss Appellant's petition on March 19, 2014. The PCRA court found Appellant's argument lacked arguable merit because Appellant's counsel had unsuccessfully raised Appellant's purported cooperation with police regarding the attempt on his life at the time of his sentencing. Notice of Intent to Dismiss, 3/19/14, at 11.

The PCRA court also found that Appellant presented no evidence of any promise or agreement that Appellant's sentence would be reconsidered in exchange for testimony against Mr. Woods. *Id.* at 11-12. In addition, the PCRA court said it would find that Appellant's claims of cooperation with police had been litigated in his first PCRA petition, which raised them in a claim that the Commonwealth made misrepresentations to the trial court under *Brady v. Maryland*, 373 A.2d 83 (1963), and that they therefore could not be raised in a second petition. Notice of Intent to Dismiss at 11-12, 14-15.

Thereafter, according to the PCRA court, on April 7, 2014, Appellant filed a *pro se* "Petition for Extension of Time to File Objections" to the court's Dismissal Notice, seeking more time than the 20 days granted by Criminal Rule 907. By an order entered on April 15, 2014, the court granted the

extension and directed Appellant to file his response by June 6, 2014. No such substantive response was filed. At that point, pursuant to Criminal Rule 907, the PCRA court was empowered to dismiss the petition, grant leave to file an amended petition, or direct that the proceedings continue. It is unclear from the docket what happened next, but it appears the petition was not dismissed at that time.

A year later, on June 15, 2015, Appellant, without leave of court, filed a *pro se* "Amendment to Post-Conviction Relief Act Petition." In that filing, he raised for the first time a challenge to the trial court's imposition of mandatory minimum sentences under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that facts that increase a mandatory minimum sentence are elements of the offense and must be proven to the jury beyond a reasonable doubt).

The PCRA court ultimately dismissed Appellant's second PCRA petition for lack of jurisdiction, holding that the petition failed to meet the PCRA's jurisdictional filing deadlines. The court's September 15, 2015, order observed that Appellant "has not alleged in his second Petition that he meets an exception to the time-bar," but added that Appellant's June 15, 2015 "amendment" to his second PCRA petition "implicitly" invoked one of the exceptions by seeking relief under the *Alleyne* decision. PCRA Court Order, 9/15/15, at 4. The court interpreted the reference to *Alleyne* as an

invocation of the PCRA time bar's "newly recognized constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii).

The PCRA court held that both the July 5, 2013, PCRA petition and the June 15, 2015, *pro se* amendment to that petition were untimely, as neither were filed within 60 days of the date the claims set forth could have been presented. **See** 42 Pa.C.S. § 9545(b)(2). PCRA Court Order, 9/15/15, at 4. The court added that Appellant's reliance on **Alleyne** did not trigger the "new constitutional right" exception to the PCRA's jurisdictional time bar because **Alleyne** had not been held to apply retroactively. **Id.** at 5. The court observed that illegal sentence claims under **Alleyne** are subject to the same jurisdictional limitations as other claims. **Id.** (quoting **Commonwealth v. Seskey**, 86 A.3d 237, 241-42 (Pa. Super. 2014)).

On this appeal, Appellant raises the following issues, as stated:

1. Whether the PCRA Court erred when it found that the second PCRA petition was untimely?

2. Whether [**Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015),] is automatically retroactive to collateral review because it is the first interpretation by the State's highest court of the constitutionality of criminal statutes authorizing the imposition of mandatory sentences on a class of criminal defendants?

3. Whether the PCRA Court must exercise jurisdiction to vacate a sentence that is illegal, unconstitutional, and void?

Appellant's Brief at 1-2. In a December 10, 2015, Rule 1925 Opinion, the Court variously referenced both its March 2014 Notice of Intent to Dismiss

and its September 2015 Order, both of which provided the court's substantive explanations for its determinations. PCRA Ct. Op., 12/10/15.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (internal citations omitted).

As the PCRA court correctly held, the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, one of the three statutory exceptions to these time limitations set forth in Section 9545(b)(1) of the statute. *See* 42 Pa.C.S. § 9545(b).[1]  A PCRA

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-52; **see also** 42 Pa.C.S. § 9545(b)(2). Any asserted exceptions to the time limitations must be alleged in the petition to the PCRA court; they may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007).

Appellant's petition did not meet these requirements. The petition, filed on July 5, 2013, asserted that his direct appeal counsel was ineffective for failure to pursue a sentence reduction based on Appellant's purported "cooperation" with law enforcement in another crime. But the PCRA court found that Appellant's trial-level counsel did raise that issue at sentencing, and, in addition, that Appellant raised a variation on that same theme in his first PCRA petition. In the court's words, the claims raised in Appellant's current petition "are nothing more than a new slant on the **Brady** claims decided adversely to Appellant by [the] Superior Court in his first PCRA appeal." PCRA Op., 12/10/15, at 11. Generally, a defendant should wait to raise claims of ineffective assistance of counsel until collateral review,

_(Footnote Continued)_ ————————

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

*Commonwealth v. Grant*, 13 A.2d 726 (Pa. 2002), but Appellant has pleaded no reason why he could not have raised his claim of ineffective assistance of direct appeal counsel at the same time as he made his related arguments in his first PCRA petition regarding sentence reduction for cooperation with law enforcement. The claim therefore is time-barred and the PCRA court correctly held that it lacked jurisdiction to hear it.

To escape this result, Appellant relies on *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), in which the Supreme Court of Pennsylvania held that a new PCRA petition may not be filed while an appeal from an earlier PCRA petition is pending. Appellant argues that, under *Lark,* a pending PCRA petition "'tolls' the PCRA time clock until appeals have been exhausted, and the record has been sent back to the trial court." Appellant's Br. at 4 (emphasis deleted).

Appellant claims that his first PCRA petition was filed 54 days before the PCRA time deadline for filing that petition.[2] According to Appellant, *Lark* entitles him to make use of those 54 days to file a second PCRA petition in which he can make any additional PCRA argument that he could have made when he filed his first petition, so long as he files that second petition within 54 days after the close of appellate proceedings on the first petition. Thus,

---

[2] According to Appellant, the judgment became final when this Court affirmed on February 28, 2010. Under the PCRA, Appellant had one year within which to file his first PCRA petition, but he instead filed it 54 days earlier, on January 6, 2011.

Appellant contends that because he filed his second PCRA petition less than 54 days after appellate proceedings in his first PCRA appeal ended, his second PCRA petition was timely filed.[3]

Neither **Lark** nor any other decision cited by Appellant supports this novel argument, and we reject it. In **Lark**, the petitioner sought to file a new PCRA petition based on facts that were **not** known to him and could not have been discovered prior to or during the time his earlier petition was pending on appeal. Thus, the new petition was based on the "new evidence" exception to the PCRA's time deadlines in Section 9545(b)(1)(ii) of the statute. The Court in **Lark** held that any petition raising that new ground for relief would be premature until the proceedings on the prior petition were completed, and it therefore tolled the time for filing the new petition until completion of that earlier proceeding. But **Lark** did **not** hold that a claim that could have been filed earlier, and was otherwise time-barred under the statute, could be filed late just because an earlier PCRA petition in which that claim could have been (but was not) raised remained on appeal.

Rather than **Lark**, the controlling precedent here is **Commonwealth v. Abu-Jamal**, 941 A.2d 1263 (Pa. 2008), in which the petitioner sought to bring a new claim that was found untimely because it did not qualify under

---

[3]    Appellant contends that proceedings on his first PCRA petition ended on June 6, 2013 (30 days after the May 7, 2013 denial of allocatur by the Supreme Court). Appellant filed his second petition 29 days later, on July 5, 2013.

any of the exceptions to the PCRA's time bar in 42 Pa.C.S. § 9545(b)(1). Specifically, the subsequent petition in **Abu-Jamal** did little more than reiterate the claims in his prior petitions and did not posit truly new evidence or facts "unknown to the petitioner [that] could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Accordingly, the new petition was time-barred, despite its filing after proceedings on an earlier petition were completed.

Here, as in **Abu-Jamal**, Appellant's petition does not present new evidence or facts sufficient to meet any of the exceptions set forth in Section 9545(b)(1). Appellant argues that his June 2015 *pro se* "amendment" to the petition[4] in which he cited **Alleyne** was sufficient to meet the timeliness exception applicable to a "new constitutional rule" under Section 9545(b)(1)(iii). But that exception applies only if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). As the PCRA court explained in its September 15, 2015 order, **Alleyne** has not been held to be retroactively applicable to cases where a judgment of sentence has already

_____

[4] The PCRA court noted that this "amendment" was not filed with leave of court and was itself untimely. It therefore would be insufficient to meet the statute's jurisdictional requirements even if it had raised a valid exception under Section 9545(b)(1).

become final. PCRA Order, 9/15/15, at 4 (citing *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014)). Indeed, after the PCRA court issued its order, the Supreme Court of Pennsylvania, in *Commonwealth v. Washington*, 2016 WL 3909088 (Pa. July 19, 2016), confirmed that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Id.* at *7.

In his brief, Appellant also relies on *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), which declared Pennsylvania mandatory minimum sentencing statutes unconstitutional. But Appellant notes in his brief, *Hopkins* "was based on *Alleyne*," Appellant's Br. at 10. Like *Alleyne, Hopkins* has not been held to apply retroactively, and, in light of *Miller* and *Washington*, Appellant's invocation of *Hopkins* therefore does not compel a different result. Thus, Appellant may not assert a claim based on *Alleyne* or *Hopkins* and may not invoke a new constitutional rule under those decisions to excuse the untimeliness of his petition.

The PCRA court thus correctly held that it had no jurisdiction over this untimely *pro se* amendment to Appellant's second PCRA petition and that this lack of jurisdiction also precluded consideration of any claims challenging the legality of Appellant's sentence. Accordingly, the PCRA court correctly dismissed Appellant's latest PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2016